## Case No. 2,338.

### In re CAMDEN ROLLING-MILL CO.

[3 N. B. R. (1869) 590 (Quarto, 146).] [1]

#### District Court, D. New Jersey.

INVOLUNTARY BANKRUPTCY—PARTIES TO THE PROCEEDINGS—DISCONTINUANCE—PETITION FOR SUBSTITUTION—RIGHTS OF CREDITORS.

1. If the petitioning creditor in a case of involuntary bankruptcy desires to discontinue proceedings, and have his petition dismissed, he may do so before adjudication, without giving notice to other creditors of the alleged bankrupt.

2. Until adjudication, the only parties to the proceedings are the petitioning creditors and the debtor. The other creditors must file a new petition, or petition to be substituted under the last clause of the 42d section of the bankrupt act [14 Stat. 537].

[Cited in Re Lacey, Case No. 7,965.]

3. Any creditor wishing to be so substituted must appear on the day to which proceedings have been adjourned, and on that day petition to be substituted.

4. When on such adjourned day the petitioning creditor does not "appear and proceed," and the understanding with the debtor is that such failure to appear shall be equivalent to a dismissal, and no other creditor appears to be substituted, the proceedings are at an end.

[Distinguished in Re Buchanan, Case No. 2,073.]

FIELD, District Judge. A petition in bankruptcy was filed by the First National Bank of Camden, against the Camden Rolling-Mill Company, on the 29th day of December, 1868. The rule to show cause was returnable on the 19th of January, 1869. On that day an answer was put in by the Camden Rolling-Mill Company, denying the acts of bankruptcy set forth in the petition, and demanding a trial by jury. The proceedings were thereupon adjourned to the third Tuesday of April, that being the first term of the court at which a jury would be in attendance. The proceedings were further adjourned "from time to time, for good cause shown." The last adjournment was to the 15th of June. On the 14th of June an agreement in writing was entered into between the petitioners and the rolling-mill company, by which the said company agreed to do certain things in consideration that the petitioner would, within thirty days from the date of the said agreement, cause the proceedings in bankruptcy to be discontinued or withdrawn without the payment of costs by either party to the other. No further proceedings in the case were had by any party until the 19th day of October, when, on motion of the attorney of the petitioner, it was ordered by the court that all further proceedings be discontinued, and that the petition be dismissed without the payment of costs. On the 26th of October, on motion of William L. Dayton, Esq., attorney for the Naugatuck Railroad Company, alleging themselves to be creditors of the Camden Rolling-Mill Company, a rule was granted to show cause why the said order of discontinuance should not be rescinded and set aside. This rule was made returnable on the 2d day of November, on which day counsel were heard on behalf of the Naugatuck Railroad Company, and also of the petitioning creditor. The ground upon which the court was asked to make the rule absolute was, that the petitioning creditor could not have the proceedings discontinued without giving notice to the other creditors of the alleged bankrupt. After hearing the arguments of counsel, the court held that no such notice was necessary; that there was nothing in the bankrupt act to require it; that until the debtor was adjudged to be a bankrupt, the only parties to the proceedings were the petitioning creditor and the debtor; that the petitioning creditor had entire control of the proceedings, and could have them dismissed at his pleasure; and that the only right which any other creditor had was to file a new petition, or to ask to be substituted in place of the petitioning creditor under the last clause of the 42d section of the act. The rule was, therefore, discharged. A motion was then made by Samuel H. Gray, Esq., in behalf of other creditors of the alleged bankrupt, for a rule to show cause why the said order of discontinuance should not be vacated and set aside as having been improvidently made, and that either party should have leave to take affidavits to be read on the argument of said rule.

These affidavits have been taken, and the case has been again argued with great ability by counsel on both sides. The only ground, so far as I can see, upon which the court is now asked to set aside the order of dismissal is, that there was some sort of an understanding between the petitioning creditor and the debtor, that the proceedings should not be discontinued without notice being given to the debtor; and the argument is, that if such notice had been given, he could have apprised his other creditors of it, and they would then have had an opportunity of applying to the court to be substituted in place of the petitioning creditor. And Mr. Middleton, the president and general agent of the Camden Rolling-Mill Company, does state in his affidavit that there was an understanding between the counsel of the petitioning creditor and himself, that the proceedings should not be discontinued without first consulting him. But, in the first place, the existence of such an understanding is virtually irreconcilable with the admitted facts of the case; and in the next place it is expressly contradicted by the testimony of Mr. Vorhees and Mr. Browning, counsel for the petitioner. By the agreement of the 14th of June, to which Mr. Middleton was a party, it is expressly stipulated that the petitioning creditor is to have the proceedings discontinued within thirty days thereafter. There is no pretense that any notice to Mr.

[1] [Reprinted by permission.]

Middleton of such discontinuance was necessary. The next day, the 15th day of June, was the day of the last adjournment; and the counsel for the petitioning creditor supposed that by not appearing on that day the case would be in effect dismissed, and they so informed Mr. Middleton. It is true, that on the 19th day of October, a formal order of discontinuance was entered. Mr. Vorhees, the attorney of the petitioning creditor, thought no such order was necessary. Mr. Browning, his associate counsel, thought it would be better that such an order should be made; and Mr. Vorhees testifies that on the 18th of October, the day before the order was made, Mr. Middleton came into his office, and asked him if the bank was going to take any proceedings against them the next day, and that he told him the bank would do nothing more against him except to discontinue the proceedings, and that he had been to Trenton on the Friday previous for that very purpose. The idea, then, of bad faith on the part of the petitioning creditor, or that proceedings were kept alive until they could place themselves in a more advantageous position, and were then discontinued without the knowledge of the debtor, and in such a way as to prevent the other creditors from availing themselves of the provisions of the 42d section of the act, is wholly disproved. If any other creditor wished to have himself substituted in place of the petitioning creditor he ought to have appeared on the day of the last adjournment; and then, if the petitioning creditor did not "appear and proceed," any other creditor "to the required amount," might have presented his petition, and the court would have proceeded to adjudicate upon it, "without requiring a new service or publication of notice to the debtor." On that day the petitioning creditor did not "appear and proceed," and the understanding with the debtor was, that this would be equivalent to a discontinuance. No other creditor then appeared and presented his petition, and the consequence was, that there was an end to all further proceedings. I do not see that the case is altered at all by the fact that on the 19th day of October, out of abundant caution, a formal order of dismissal was made and entered. Such order may or may not have been necessary, but it certainly cannot be said to have been improvidently made. If it was not necessary, then the proceedings were discontinued by the failure of the petitioning creditor to "appear and proceed" on the 15th of June, the day of the last adjournment. If it was necessary, the petitioning creditor was entitled to apply for it whenever he thought proper to do so, and he was not bound to give notice of the application to the other creditors. As I have said before, they were no parties to the proceedings; and the only right they had was, in case the petitioning creditor did not appear and proceed on the day to which the last adjournment was

made, to file their petition, and ask to be substituted in place of the petitioning creditor. The rule to show cause is discharged.